### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                                    Case No. 09-mj-8-01-JM

Anthony C. Harris

### ORDER ON PRELIMINARY EXAMINATION and
### ORDER OF DETENTION PENDING TRIAL

    In accordance with Section 3142(f) of the Bail Reform Act,
18 U.S.C. §§ 3141 et seq. and Rule 5.1 a, a hearing was conducted
on January 30, 2009, for the purpose of determining probable
cause and whether to detain defendant, Anthony C. Harris, who has
been charged in a complaint with interference with commerce by
threat or violence.

    Under 18 U.S.C. § 3142(b), a court, in making a
determination regarding detention, must evaluate the risk of the
defendant's flight, the risk to the safety of any other person,
and the risk to the safety of the community.  In circumstances
when detention is not mandated by the court, the court is
nonetheless empowered to impose conditions on release.  18 U.S.C.
§ 3142(c).

    Pursuant to the provisions of 18 U.S.C. § 3142(g) a court,

in assessing the risks noted in 18 U.S.C. § 3142(b), shall
consider the following: (1) the nature and circumstances of the
offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

    During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial."  United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991).  For its part, the government is
required to offer a preponderance of the evidence to prove risk
of flight.  See Patriarca, 948 F.2d at 792-93.  Facts necessary
to find that no combination will reasonably assure the safety of
any person and the community require satisfaction of the "clear
and convincing" standard.  18 U.S.C. § 3142(f)(2).

    In the case at hand, I also find probable cause to believe
that the offenses charged have been committed and that the

2

defendant has committed them.

Here, I find that the government has met its burden with regard to probable cause and detention.  Specifically, surveillance tapes show defendant in the store 1½ hours before the robbery acting as though he is "checking things out."  A cell phone dropped by one of the robbers evidences a telephone call with defendant minutes before the robbery, and defendant is recorded calling the co-defendant's girl within an hour after. Defendant told a CI that he drove the getaway car.  The CI saw defendant, a convicted felon, with a gun.  Guns were used – one stolen from defendant's residential area the day before the robbery.  A distinctive Yankee hat was worn by defendant in the store and that, or an identical hat, was found with the robbers later.  Defendant has three felony convictions – drugs, guns and burglary – and recently threatened to cut his girlfriend's throat.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant also poses a risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: February 2, 2009

cc:   Kenneth L. Perkes, Esq.
      R. Brian Snow, Esq.
      U.S. Marshal
      U.S. Probation

4