UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                              Criminal No. 09-cr-33-JL
                                     Opinion No. 2009 DNH 128
Anthony Harris


**MEMORANDUM ORDER**

   This case involves the calculation of periods of "excludable time" under the Speedy Trial Act.  Defendant Anthony Harris is charged with conspiracy to commit robbery, robbery, and related weapons offenses.  He moves to dismiss the charges with prejudice, claiming that the proceedings against him have been continued in abrogation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

   After oral argument, the motion to dismiss is denied.  The time periods excludable due to his court-ordered competency evaluation, and continuances granted to co-defendants whose cases were not severed from Harris' case, have reduced the amount of elapsed time to an amount that complies with the Speedy Trial Act.


**I.   Applicable Legal Standard**

   The Speedy Trial Act of 1974, as amended, requires that

       the trial of a defendant charged in an
       information or indictment with the commission
       of an offense shall commence within seventy

>    days from the filing date (and making public)
>    of the information or indictment, or from the
>    date the defendant has appeared before a
>    judicial officer of the court in which such
>    charge is pending, whichever date last
>    occurs.

18 U.S.C. § 3161(c)(1) (West 2008). The Act also provides for "periods of delay" that are excluded in calculating these seventy days. See § 3161(h).

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). "The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)." Id.

## II. Background

On January 13, 2009, Harris was arrested in connection with the pending charges. Four days later, on January 16, he had an initial appearance before the court. See Fed. R. Cr. P. 5. On February 4, the grand jury indicted him.[1] That same day, the

---

[1] The U.S. Attorney sought, and the grand jury returned, a superseding indictment involving these charges on August 26, 2009. The superseding indictment has no impact on this analysis.

court granted a motion submitted by Harris' former attorney to stay proceedings for 30 days to conduct a psychological evaluation of Harris.[2]  On February 13, Harris successfully moved *pro se* to appoint new counsel.  On April 30, 86 days after the mental evaluation order, a completed psychological evaluation of Harris was filed with the court.

In addition to the delay caused by this psychological evaluation, Harris' co-defendants twice moved for 60-day continuances, which were granted on March 20 and May 11, respectively.  Harris' counsel objected to the second of these motions, intimating that the court "might be required to sever these matters . . . in order to protect the defendant's speedy trial rights."  Harris did not actually file a motion to sever his case, however, until July 17.  That motion was mooted when his co-defendants entered guilty pleas on July 29.

Harris filed this motion to dismiss on July 16.  On July 30, the day after his co-defendants entered guilty pleas, the United States filed a motion to continue trial until September 1, which the court granted over Harris' objection.

---

[2] The motion requested an examination to assess Harris' mental state vis-a-vis a possible insanity defense.  See 18 U.S.C. §§ 4242 and 4244.  Judge Muirhead's order, however, ordered a competency evaluation.  See 18 U.S.C. §§ 4241 and 4247.

**III. Analysis**

The Speedy Trial Act, at 18 U.S.C. § 3161(h), provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial" must commence under the Act. Section 3161(h)(1)(A) requires exclusion of any "period of delay" resulting from "any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." Section 3161(h)(6) requires exclusion of any "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

On September 1, 2009, the current date set for trial, 212 days will have elapsed since Harris' indictment on February 4, 2009. The United States Attorney argues that due to the delays caused by the court-ordered Harris' mental competency exam motion, and the two continuances requested by his co-defendants, no time has elapsed from the 70-day speedy trial clock. While the court disagrees with this conclusion, it nevertheless rules that a trial date of September 1, 2009 will not violate Harris' statutory "speedy trial" rights.

**Competency evaluation**

On February 4, 2009, the court granted a motion from Harris' previous counsel to conduct a competency evaluation of Harris, ordering him "committed to the custody of the Attorney General for a period not to exceed thirty days for placement in a suitable facility."  On April 30, Harris' forensic medical evaluation report was submitted to the court.  Under a plain reading of section 3161(h)(1)(A), which provides for the exclusion from the speedy trial clock of any "period of delay . . . resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," this entire 86-day period should be excluded.

Harris argues that he "did not agree" to his original counsel's motion for a competency hearing, and he "never had the opportunity to object" to it.  Alternatively, he argues that any exclusion from the speedy trial clock should be limited to the 30-day window provided by the court's February 4 order.

Whatever alleged dispute or personality conflict arose between Harris and his previous counsel, neither Harris nor his new counsel withdrew the motion or otherwise objected to the order for the evaluation.  Nor did they object to the Federal Bureau of Prisons' March 18, 2009 request for an extension of the 30-day evaluation period, or request that the evaluation be

terminated so the case could proceed. Thus, Harris can not now be heard to claim that the delay attributable to the process should not be excluded from the speedy trial calculation in clear contravention of § 3161(h)(1)(A).

**Continuances requested by codefendants**

On March 20, 2009, and again on May 11, 2009, the court granted 60-day continuances requested by Harris' codefendants. Although not specifically mentioned in Harris' motion to dismiss, these continuances, which constitute a 113-day window of excludable time, see § 3161(h)(7)(A), if applicable to Harris, bring his speedy trial clock calculation under 70 days.

The Speedy Trial Act requires, and the court of appeals has held, that any period of delay attributable to one codefendant applies to all codefendants. See § 3161(h)(6) (providing for the exclusion from the speedy trial clock of any "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."); United States v. Rush, 738 F.2d 497, 503 (1st Cir. 1984) ("Every circuit court that has considered this provision has held in essence that an exclusion applicable to one defendant applies to all codefendants") (internal quotation marks omitted). Although Harris objected to

the second continuance, and hinted that the court "might be required to sever these matters . . . in order to protect the defendant's speedy trial rights," he did not actually move to sever his case until July 18, more than 60 days after the second 60-day continuance granted by the court, and only ten days before his severance request was mooted by his co-defendants' guilty pleas.[3]  Thus, the time period attributable to the continuances constitutes excludable time under § 3161(h)(6).

## IV. Conclusion

Excluding the time attributable to these three delays (157 days of excludable time), and allowing Harris every possible benefit by counting the days elapsing since Harris moved to sever and dismiss on July 16 and 17, 53 days will have elapsed from Harris' speedy trial clock when his trial begins on September 1,

---

[3] The court further holds that these and other periods were excludable under 18 U.S.C. §§ 3161(h)(1)(D) (pendency of pretrial motions), 3161(h)(1)(H) (period during which motions were under advisement), and 3161(h)(7)(A) (justified continuances).

2009.[4] Because this period of time is within the 70 days allowed by the Speedy Trial Act, his motion to dismiss[5] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 31, 2009

cc: Kenneth L. Perkes, AUSA
    Donald A. Kennedy, Esq.
    Andrew Michael Kennedy, Esq.
    Mark E. Howard, Esq.
    Michael J. Iacopino, Esq.

---

[4] To allow Harris every possible benefit, the court also counts the days elapsed since July 11, 2009, as July 11 would constitute the end of the 60-day continuance granted on May 11, even though the court did not schedule the commencement of trial until a date in August.

[5] Document no. 58