UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                Criminal No. 09-cr-33-JL
                                      Opinion No. 2009 DNH 140
Anthony Harris

**MEMORANDUM ORDER**

On September 8, 2009, the jury convicted defendant Anthony
Harris of five of the seven counts alleged in the superseding
indictment:

- count 1, conspiracy to commit robbery, in violation of
  18 U.S.C. § 1951;

- count 2, robbery, in violation of 18 U.S.C. § 1951 and
  18 U.S.C. § 2;

- count 3, use and brandishing of a firearm during and in
  relation to a crime of violence, in violation of 18
  U.S.C. § 924(c)(1)(A), 18 U.S.C. § 2, and Pinkerton v.
  United States, 328 U.S. 640 (1946);

- count 4, possession of a firearm by a convicted felon,
  in violation of 18 U.S.C. § 922(g)(1); and

- count 7, possession of a stolen firearm, in violation
  of 18 U.S.C. § 922(j).

The jury acquitted Harris of two counts:

- count 8, transporting a stolen firearm, in violation of 18 U.S.C. § 922(i); and

- count 9, transporting a stolen motor vehicle, in violation of 18 U.S.C. § 2312.

The other two counts -- count 5, conspiracy to commit robbery; and count 6, robbery -- were dismissed without prejudice before the jury was sworn.

Before the court is Harris's motion for judgment of acquittal under Fed. R. Crim. P. 29(c).[1]  Harris argues that, in light of the two acquitted counts and the two dismissed counts, the prosecution failed to present sufficient evidence for a jury to convict him of any of the charged offenses.  The court denies the motion.  As explained below, the evidence was sufficient to support each conviction.  There was nothing inconsistent about the verdicts, because the jury was free to accept the testimony of a cooperating government witness on some matters, but reject it on others.

---

[1]Document no. 103.

## I.  <u>Applicable legal standard</u>

When faced with a motion for judgment of acquittal under Rule 29(c), the court must determine whether, "after assaying all the evidence in the light most amiable to the government, and taking all reasonable inferences in its favor, a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime."  <u>United States v. Thomas</u>, 467 F.3d 49, 53 (1st Cir. 2006) (quoting <u>United States v. Carucci</u>, 364 F.3d 339, 343 (1st Cir. 2004)).  Because it is the jury's responsibility to assess the credibility of witnesses, "[c]redibility issues must be resolved in favor of the verdict."  <u>United States v. Pérez-Ruiz</u>, 353 F.3d 1, 7 (1st Cir. 2003) (citing <u>United States v. Alicea</u>, 205 F.3d 480, 483 (1st Cir. 2000)).  Although the prosecution has the burden of proof at trial, on a Rule 29 motion, the defendant "bear[s] the heavy burden of demonstrating that no reasonable jury could have found [him] guilty beyond a reasonable doubt."  <u>United States v. Munoz</u>, 36 F.3d 1229, 1234 (1st Cir. 1994) (citing <u>United States v. Innamorati</u>, 996 F.2d 456, 459 (1st Cir. 1993)).

## II.  <u>Analysis</u>

Harris argues that there was insufficient evidence for the jury to return guilty verdicts on any of the five convictions. The court disagrees.  One of Harris's co-conspirators, Orlando Matos, testified against him at trial and recounted in detail how they, together with co-conspirator Thomas Peterson, planned and executed the robbery of a Hannaford Food & Drug store in Dover, New Hampshire.  Matos testified, for example, that Harris provided transportation to and from the scene of the robbery in a pickup truck that Harris claimed to have stolen; that Harris also provided a stolen firearm to Matos for use during the robbery; that Harris cased the store shortly before the robbery; that Harris served as a lookout during the robbery; and that Harris received a one-third share of the proceeds from the robbery. This testimony alone, which was based on firsthand knowledge, if believed, would support the jury's guilty verdicts.  <u>See</u>, <u>e.g.</u>, <u>United States v. Pena-Lora</u>, 225 F.3d 17, 23-24 (1st Cir. 2000) ("[A] conviction based solely upon the uncorroborated testimony of an accomplice can be upheld, as long as the jury is properly instructed and the testimony is not incredible as a matter of law.") (citation omitted).

In any event, the prosecution bolstered Matos' testimony with a variety of other evidence, including surveillance tapes,

phone records, and victim testimony.  For example, one of the
surveillance tapes showed an individual, whom Matos identified as
Harris, walking through the store shortly before the robbery.
Phone records also indicated that, just minutes before the
robbery, a message was transmitted from Harris' cell phone to
Peterson's cell phone (or vice versa), which Peterson
accidentally dropped and left behind at the store.  Matos
testified that this communication was a push-to-talk "chirp" used
to test the phones as a potential warning mechanism.  In
addition, the prosecution presented evidence that when Matos and
Peterson were later apprehended by police (without Harris), they
had only two-thirds of the robbery proceeds in their possession.
While not exhaustive, these examples demonstrate that Matos'
testimony did not stand alone and that the evidence, taken as a
whole and construed in the light most favorable to the
government, was sufficient to support conviction.

Harris argues that the jury, by acquitting him of the two
transportation counts (transporting a stolen firearm and
transporting a stolen vehicle), necessarily rejected Matos'
testimony on those two counts and thus could not reasonably have
believed his testimony as to the other counts.  This is not the
law.  The court instructed the jury, without objection from
Harris, that jurors may believe or disbelieve all or part of the

testimony of any witness.  See, e.g., United States v. Byrne, 435
F.3d 16, 20 n.1 (1st Cir. 2006) ("The jury was entitled, of
course, to discredit all or part of the defendant's
testimony.").[2]

Nor does logic support Harris' argument.  The jury could
have believed all of Matos' testimony and nevertheless found
Harris not guilty of the two transportation counts because of a
reasonable doubt about whether Harris actually transported the
stolen items across state lines.  Unlike with most of the other
events he described, Matos was not present when Harris obtained
the stolen items.  He testified about what Harris told him, but
he did not personally witness the items being stolen, or
transported across state lines.  In contrast, Matos did claim to
have seen Harris in possession of the stolen items, and the jury
found Harris guilty of both possession counts.  There is no
inconsistency between these verdicts.  Cf. United States v.
Hernandez, 146 F.3d 30, 33 (1st Cir. 1998) (explaining that
"verdicts are not irretrievably inconsistent" when there is a
"possible" explanation).[3]

---

[2]The court also cautioned the jury on testimony offered by
co-conspirators, cooperating witnesses, and immunized witnesses,
as Matos fit all three categories.

[3]Harris makes a similar argument with respect to the two
counts that were dismissed before the jury was sworn.  Those

## III.  Conclusion

For the foregoing reasons, the defendant's motion for

judgment of acquittal under Fed. R. Crim. P. 29(c)[4] is DENIED.


**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:   September 23, 2009

cc:   Kenneth L. Perkes, AUSA
      Donald A. Kennedy, Esq.
      Andrew Michael Kennedy, Esq.
      Mark E. Howard, Esq.
      Michael J. Iacopino, Esq.

---

counts, however, were voluntarily dismissed without prejudice and
related to a separate robbery, allegedly committed by Harris and
Matos, of a Cumberland Farms store in Rochester, New Hampshire.
There is no factual basis in the record for asserting that the
dismissal of those claims somehow impugned Matos' credibility,
much less any legal basis for concluding that the jury therefore
could not reasonably believe Matos' testimony about the Hannaford
robbery.

[4]Document no. 103.